Index No.  15-CV-3458 (GHW)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES FORBES,

Plaintiff,

- against -

THE CITY OF NEW YORK,
SERGEANT PATRICK ROMAIN, Shield 5132,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Richard Bahrenburg*
*Tel:  (212) 356-2338*
*Matter No. 2015-041890*

# TABLE OF CONTENTS

**Pages**

TABLE OF AUTHORITIES ................................................................................. iii

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS .................................................................................... 2

STANDARD OF REVIEW .................................................................................. 4

LEGAL ARGUMENT .......................................................................................... 5

POINT I

    PLAINTIFF'S CLAIMS ARE TIME-BARRED ........................................ 5

    A.  Plaintiff's False Arrest Claim Is Time-Barred ..................................... 7

    B.  Plaintiff's Malicious Prosecution Claim Is Time-Barred ..................................................................................... 7

POINT II

    PLAINTIFF'S PURPORTED MALICIOUS PROSECUTION CLAIM AGAINST SERGEANT ROMAIN DOES NOT RELATE BACK TO THE ORIGINAL COMPLAINT ....................................................... 8

    A.  Plaintiff's Amendment Adding Sergeant Romain As A Defendant Does Not Relate Back Under Fed. R. Civ. Pro. 15(c)(1)(C) ........................................ 9

        1.  Sergeant Romain Was Not On Notice Of This Action Within The Statute Of Limitations Period ...................................................... 10

        2.  Plaintiff's Failure To Name Sergeant Romain Was Not Due To A "Mistake" As Contemplated By Rule 15(c) ...................................... 11

    B.  Plaintiff's Amendment Adding Sergeant Romain As A Defendant Also Does Not Relate Back Under Rule 15(c)(1)(A) ................................................ 12

        1.  C.P.L.R. § 1024 ........................................................ 13

        2.  C.P.L.R. § 203 .......................................................... 14

**Pages**

POINT III

    INSANITY TOLLING IS IMPROPER IN THIS
    CASE ........................................................................................................ 16

POINT IV

    EQUITABLE TOLLING IS IMPROPER IN THIS
    CASE ........................................................................................................ 17

POINT V

    EQUITABLE ESTOPPEL IS IMPROPER IN THIS
    CASE ........................................................................................................ 18

POINT VI

    PLAINTIFF CANNOT ESTABLISH A CLAIM
    FOR MUNICIPAL LIABILITY ................................................................ 19

CONCLUSION ........................................................................................................ 21

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages**

Abreu v. City of New York,
   657 F. Supp. 2d 357 (E.D.N.Y. 2009) ..................................................................................12

Addison v. Reitman Blacktop, Inc.,
   283 F.R.D. 74 (E.D.N.Y. 2011) ...........................................................................................9

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) .............................................................................................................4

Bailey v. City of N.Y.,
   79 F. Supp. 3d 424, 441 (E.D.N.Y. 2015) .........................................................................18

Barrow v. Wethersfield Police Dep't,
   66 F.3d 466 (2d Cir. 1995)..................................................................................................11

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007).............................................................................................................4

Bender v. City of New York,
   14 Civ. 4386 (LTS) (GWG),
   2015 U.S. Dist. LEXIS 16002 (S.D.N.Y. Feb. 10, 2015).....................................................15

Bezerra v. County of Nassau,
   846 F. Supp. 214 (E.D.N.Y. 1994) ......................................................................................7

Brass v. American Film Technologies, Inc.,
   987 F.2d 142 (2d Cir. 1993).................................................................................................5

Buran v. Coupal,
   87 N.Y.2d 173, 661 N.E.2d 978, 638 N.Y.S.2d 405 (1995)................................................15

Buttry v. General Signal Corp.,
   68 F.3d 1488 (2d Cir. 1995).................................................................................................18

Cerbone v. Int'l Ladies' Garment Workers' Union,
   768 F.2d 45 (2d Cir.1985)....................................................................................................18

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002).................................................................................................5

City of Los Angeles v. Heller,
   475 U.S. 796 (1986)..............................................................................................................20

iii

**Cases**                                                                  **Pages**

Cuevas v. City of New York,
    07 Civ. 4169 (LAP), 2009 U.S. Dist. LEXIS 114984
    (S.D.N.Y. Dec. 7, 2009)...............................................................19

Daniel v. Safir,
    175 F.Supp.2d 474 (E.D.N.Y. 2001) ......................................17

Doe v. Menefee,
    391 F.3d 147 (2d Cir. 2004)......................................................17

Dominguez v. City of New York,
    10 CV 2620, 2010 U.S. Dist. LEXIS 88818
    (E.D.N.Y. Aug. 27, 2010).........................................................11

Dory v. Ryan,
    999 F.2d 679 (2d Cir. 1993).......................................................6

Fertig v. HRA Med. Assistance Program,
    10 Civ. 8191 (RPP), 2011 U.S. Dist. LEXIS 48789
    (S.D.N.Y. May 6, 2011)..........................................................5, 14

Fisher v. County of Nassau,
    10 CV 0677, 2011 U.S. Dist. LEXIS 118269
    (E.D.N.Y. Oct. 13, 2011) ..........................................................14

Gleason v. McBride,
    869 F.2d 688 (2d Cir. 1989).......................................................10

Grandon v. Merrill Lynch & Co.,
    147 F.3d 184 (2d Cir. 1998).........................................................4

Grullon v. Reid,
    1999 U.S. Dist. Lexis 9497 (S.D.N.Y. 1999) .........................7

Harris v. City of New York,
    13 CV 7788 (LGS), 2016 U.S. Dist. LEXIS 12872
    (S.D.N.Y. Feb. 3, 2016)............................................................13

Hayes v. Perotta,
    751 F. Supp. 2d 597 (S.D.N.Y. 2010).....................................20

Heckler v. Cmty. Health Servs.,
    467 U.S. 51 (1984)....................................................................18

**Cases**                                                                                                 **Pages**

Henry v. City of New York,
    07 CV 3965 (CPS), 2008 U.S. Dist. LEXIS 26179
    (E.D.N.Y. Apr. 1, 2008)......................................................................................17

Hogan v. Fischer,
    738 F.3d 509 (2d Cir. 2013)..............................................................................13

JCG v. Ercole,
    11 CV 6844 (CM) (JLC), 2014 U.S. Dist. LEXIS 57417
    (S.D.N.Y. Apr. 24, 2014)..............................................................................13, 14

Keitt v. City of New York,
    09 Civ. 5663 (PKC) (DF), 2010 U.S. Dist. LEXIS 91857
    (S.D.N.Y. Aug. 9, 2010) ....................................................................................16

Krupski v. Costa Crociere S. p. A.,
    560 U.S. 538 (2010)...........................................................................................11

Lewis v. City of New York,
    12 CV 2836 (RRM) (RML), 2013 U.S. Dist. LEXIS 180202
    (E.D.N.Y. Dec. 24, 2013) ....................................................................................8

Malesko v. Corr. Servs. Corp.,
    229 F.3d 374 (2d Cir. 2000)
    rev'd on other grounds by 534 U.S. 61 (2001) ..................................................12

McCarthy v. Volkswagen of Am.,
    55 N.Y.2d 543, 435 N.E.2d 1072, 450 N.Y.S.2d 457 (1982)..............................16

McEachin v. McGuinnis,
    357 F.3d 197 (2d Cir. 2004).................................................................................5

Monell v. Dep't of Social Services,
    436 U.S. 658 (1978)......................................................................................19, 20

Morales v. Cnty. of Suffolk,
    952 F. Supp. 2d 433 (E.D.N.Y. July 6, 2013).....................................................11

Moran v. County of Suffolk,
    11 Civ. 3704 (PKC) (GRB), 2015 U.S. Dist. LEXIS 37010
    (E.D.N.Y. Mar. 24, 2015) ..................................................................................11

Murphy v. Lynn,
    53 F.3d 547 (2d Cir. 1995)...................................................................................7

**Cases**                                                                    **Pages**

Oklahoma City v. Tuttle,
    471 U.S. 808 (1985)..................................................................19, 20

Ormiston v. Nelson,
    117 F.3d 69 (2d Cir. 1997)...............................................................6

Owens v. Okure,
    488 U.S. 235 (1989).........................................................................6

Paige v. Police Department of the City of Schenectady,
    264 F.3d 197 (2d Cir. 2001)............................................................17

Pearl v. City of Long Beach,
    296 F.3d 76 (2d Cir. 2002)...............................................................6

Pikos v. Liberty Maint., Inc.,
    09 CV 4031 (WFK) (RER),
    2015 U.S. Dist. LEXIS 151123 (E.D.N.Y. Nov. 6, 2015)......................9

Pinaud v. County of Suffolk,
    52 F.3d 1139 (2d Cir. 1995)...........................................................17

Rodriguez v. City of New York,
    10 Civ. 1849 (PKC), 2011 U.S. Dist. LEXIS 102725
    (S.D.N.Y. Sept. 7, 2011)................................................................10

Samuels v. Air Transportation Local 504,
    992 F.2d 12 (2d Cir. 1993)...............................................................5

Schiavone v. Fortune,
    477 U.S. 21 (1986).........................................................................10

Sewell v. Bernardin,
    795 F.3d 337 (2d Cir. 2015)...........................................................12

Singleton v. City of New York,
    632 F.2d 185 (2d Cir. 1980)..............................................................6

Sloane v. Town of Greenburgh,
    01 Civ. 11551 (MBM), 2005 U.S. Dist. LEXIS 16107
    (S.D.N.Y. July 27, 2005).................................................................15

Soto v. Brooklyn Corr. Facility,
    80 F.3d 34 (2d Cir. 1996)................................................................8

**Cases**                                                                                            **Pages**

Strada v. City of New York,
    11 CV 5735 (MKB), 2014 U.S. Dist. LEXIS 94687
    (E.D.N.Y. July 11, 2014) .......................................................................................13, 14, 15

Strauss v. N.Y. City Transit Auth.,
    294 A.D.2d 173 (1st Dep't 2002) .........................................................................16

Temple v. New York Cmty. Hosp.,
    89 A.D.3d 926 (2d Dep't 2011)...............................................................................14

Vasquez v. City of New York,
    99 Civ. 4606 (DC), 2000 U.S. Dist LEXIS 8887
    (S.D.N.Y. June 29, 2000)..........................................................................................5

Velez v. Fogarty,
    06 Civ. 13186 (LAK) (HBP),
    2008 U.S. Dist. LEXIS 96999 (S.D.N.Y. Nov. 20, 2008) ....................................10

Vippolis v. Village of Haverstraw,
    768 F.2d 40 (2d Cir. 1985).......................................................................................19

VKK Corp. v. Nat'l Football League,
    244 F.3d 114 (2d Cir. 2001)......................................................................................9

Williams v. United States,
    07 Civ. 3018 (RJS) (THK), 2010 U.S. Dist. LEXIS 25102
    (S.D.N.Y. Feb. 25, 2010)
    Report & Recommendation, adopted by 2010 U.S. Dist. LEXIS 25170,
    (S.D.N.Y. Mar. 16, 2010) .....................................................................................7, 13

Wilson v. Garcia,
    471 U.S. 261 (1985)...................................................................................................6

Yannon v. RCA Corp.,
    131 A.D.2d 843, 517 N.Y.S.2d 205 (2d Dep't 1987) ............................................16

**Statutes**

42 U.S.C. § 1983..............................................................................................1, 6, 13, 16, 19

C.P.L.R. § 203...........................................................................................................13, 14, 15

C.P.L.R. § 203(c) ....................................................................................................................15

**Statutes**                                                        **Pages**

C.P.L.R. § 208..................................................................................................16, 17

C. P. L. R. § 214(5).................................................................................................6

C.P.L.R. § 1024.................................................................................................13, 14

Fed. R. Civ. P. 4(m).................................................................................................9

Fed. R. Civ. P. 12(b)(6).........................................................................................1, 5

Fed. R. Civ. P. 12(c).................................................................................................4

Fed. R. Civ. P. 15...................................................................................................13

Fed. R. Civ. P.15(c).........................................................8, 9, 10, 11, 12, 13, 15

Fed. R. Civ. P. 15(c)(1)(i)......................................................................................11

Fed. R. Civ. P. 15(c)(1)(A)............................................................................9, 12, 13

Fed. R. Civ. P. 15(c)(1)(B).......................................................................................9

Fed. R. Civ. P. 15(c)(1)(C)..........................................................9, 10, 11, 15

Fed. R. Civ. P. 15(c)(1)(C)(ii)...............................................................................12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JAMES FORBES,

                                                15-CV-3458 (GHW)

                           Plaintiff,


                  -against,

THE CITY OF NEW YORK,
SERGEANT PATRICK ROMAIN, Shield 5132,

                           Defendants.
------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

        Defendants City of New York and Sergeant Romain (hereinafter "Defendants"),

by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully

submit their memorandum of law in support of Defendants' motion to dismiss the Second

Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

        On or about April 24, 2015, plaintiff *pro se* James Forbes (hereinafter "plaintiff")

filed a complaint (hereinafter "Original Complaint") pursuant to 42 U.S.C. § 1983 alleging, *inter*

*alia*, federal claims of false arrest and malicious prosecution against the New York City Police

Department ("NYPD") and a John Doe police officer.[1]  See generally, Original Complaint,

annexed to the Declaration of Richard Bahrenburg in Support of Defendants' Motion to Dismiss,

dated March 14, 2016 (hereinafter "Bahrenburg Decl."), as "Exhibit A."  Plaintiff annexed a

---

[1] Although the John Doe defendant was not included in the caption of the Original Complaint,
Defendants liberally construe the Original Complaint to have named a John Doe defendant, as
the Court did in its September 2, 2015 Order. See Bahrenburg Decl. at ¶ 5.

letter dated February 6, 2015, addressed to the Pro Se Office for the Southern District of New York to the Original Complaint, wherein plaintiff informs the Pro Se Office, in sum and substance, that he filed his Original Complaint in September 2014, but was informed by the Court that the Court never received said filing and thus directed him to resubmit it.  See id., at Letter from Plaintiff to Pro Se Office for the Southern District of New York, dated February 6, 2015.

On or about September 18, 2015, plaintiff filed an Amended Complaint, dated September 11, 2015 (hereinafter "First Amended Complaint"), and named only the City of New York and a John Doe police officer as defendants.  See First Amended Complaint, annexed to Bahrenburg Decl. at "Exhibit B."  On or about December 29, 2015, plaintiff filed a Second Amended Complaint, dated September 11, 2015, but postmarked December 21, 2015, and named the City of New York and Sergeant Romain as defendants.  See Second Amended Complaint, annexed to Bahrenburg Decl. as "Exhibit C."

Defendants respectfully contend that plaintiff's purported claims are barred by the applicable statute of limitations, and accordingly, plaintiff's claims must be dismissed with prejudice.

## STATEMENT OF FACTS

As set forth above, plaintiff filed the Original Complaint on or about April 24, 2015, naming only the "New York City Police Department" and a John Doe police officer as defendants.  In the Original Complaint, plaintiff alleges that on June 15, 2011, he was falsely arrested and subsequently maliciously prosecuted by "the police."  See Exhibit A to Bahrenburg Decl.  Plaintiff's Original Complaint purports to have been signed by plaintiff on September 9, 2014.  See id.  Attached to the Original Complaint is a letter from plaintiff to the Pro Se Office for the Southern District of New York, dated February 6, 2015, wherein plaintiff informs the Pro

Se Office, in sum and substance, that he filed his Original Complaint in September 2014, but was informed by the Court that the Court never received said filing and informed him to resubmit it (hereinafter "February 6, 2015 letter").2  See id., at Letter from Plaintiff to the Pro Se Office for the Southern District of New York, dated February 6, 2015.  Plaintiff further alleges in his February 6, 2015 letter that he has brain cancer, which does not allow him to remember "half of what [he] need[s] to remember."  See id.

    By Order dated September 2, 2015, this Court *sua sponte* dismissed the NYPD as a defendant in this matter and directed the Clerk of Court to "amend the caption of this action to replace NYPD with the City of New York," stated that "[t]his amendment is without prejudice to any defenses the City of New York may wish to assert," and ordered service on newly-added defendant City of New York.  See Bahrenburg Decl. at ¶ 4.  Additionally, in September 2, 2015 Order, this Court ordered the Office of the Corporation Counsel to "ascertain the identity of the unidentified 'John Doe' Defendant whom Plaintiff seeks to sue herein and the address where this Defendant may be served."  See id. at ¶ 5.

    On or about September 18, 2015, plaintiff's First Amended Complaint, dated September 11, 2015, was filed with the Court naming only the City of New York and a John Doe as defendants.  See Exhibit B to Bahrenburg Decl.  On or about October 1, 2015, the undersigned filed a notice of appearance on behalf of the Office of the Corporation Counsel.  See Bahrenburg Decl. at ¶ 7.  By letter dated October 2, 2015, the Office of the Corporation Counsel identified Sergeant Romain as the individual plaintiff seeks to sue and provided an address where he could be served with process.  Id. at ¶ 8.  On or about December 29, 2015, plaintiff's Second Amended

---

2 Plaintiff does not specify the exact date in September 2014, that he purportedly mailed the Original Complaint.  Accordingly, for the purposes of the instant motion, Defendants respectfully contend that the arguments set forth here apply with equal force regardless of what day in September 2014 plaintiff may have mailed the Original Complaint.

Complaint, dated September 11, 2015 but postmarked December 21, 2015, was filed with the Court naming the City of New York and Sergeant Romain as defendants.  See Exhibit C to Bahrenburg Decl.[3]

On or about November 23, 2011, the criminal charges stemming from plaintiff's arrest on June 15, 2011 were dismissed.  See Criminal Court of the City of New York, County of New York, Certificate of Disposition pertaining to Docket No. 2011NY044136, annexed to Bahrenburg Decl. at Exhibit D.

## STANDARD OF REVIEW

In deciding a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil, the Court is required to accept the material facts alleged in the complaint as true and to construe all reasonable inferences in the nonmoving party's favor.  See Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998).  However, the requirement that the court accept as true all allegations in the complaint when deciding a motion to dismiss is inapplicable to threadbare recitals of the elements of a cause of action supported by conclusory statements and/or legal conclusions couched as factual allegations.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A motion to dismiss should be granted where the complaint fails to plead enough facts to state a claim that is "plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The factual allegations of the complaint must be more than speculative, and must state more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Id. at 555.

---

[3] Defendants respectfully note that while both the First Amended Complaint and the Second Amended Complaint purport to have been signed on September 11, 2015, it is unlikely these are accurate dates of signature because plaintiff was not provided with the name of Sergeant Romain until October 2, 2015.

In deciding a motion pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court should consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transportation Local 504, 992 F.2d 12, 15 (2d Cir. 1993). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 152–53 (2d Cir. 2002) (internal citations omitted). In addition, "it is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)," including arrest reports, criminal complaints, indictments, and criminal disposition data. Vasquez v. City of New York, 99 Civ. 4606 (DC), 2000 U.S. Dist LEXIS 8887, at *3 (S.D.N.Y. June 29, 2000) (citations omitted); see also Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993).

Furthermore, "when the plaintiff proceeds pro se . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citation omitted). Nevertheless, "a pro se litigant [is] bound by the same rules of law . . . as those [litigants] represented by counsel." Fertig v. HRA Med. Assistance Program, 10 Civ. 8191 (RPP), 2011 U.S. Dist. LEXIS 48789, at *4 (S.D.N.Y. May 6, 2011) (quotation marks and citation omitted).

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF'S CLAIMS ARE TIME-BARRED

Plaintiff's purported claims of false arrest and malicious prosecution, as alleged in the Original Complaint, accrued on June 15, 2011, and November 23, 2011, respectively. The three-year statute of limitations on plaintiff's false arrest and malicious prosecution claims

expired on June 15, 2014, and November 23, 2014, respectively.  Despite this, plaintiff named

Sergeant Romain as a defendant in the Second Amended Complaint on or about December 29,

2015, and the City of New York as a defendant on or about September 2, 2015 – well past the

three-year statute of limitations for claims brought pursuant to 42 U.S.C. § 1983.[4]  Accordingly,

because plaintiff's claims are untimely, and plaintiff's Second Amended Complaint does not

relate back to the Original Complaint, Defendants contend that the Second Amended Complaint

must be dismissed with prejudice.

        The statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the

statute of limitations applicable to personal injury actions occurring in the state in which the

federal court sits.  Dory v. Ryan, 999 F.2d 679, 681 (2d Cir. 1993) (citing Wilson v. Garcia, 471

U.S. 261 (1985)).  Since Section 214(5) of New York's Civil Practice Law and Rules ("CPLR")

provides a three-year statute of limitations for personal injury actions, the statute of limitations

for actions brought in federal courts sitting in New York pursuant to §1983 is three years.  See

Owens v. Okure, 488 U.S. 235, 250-51, (1989).  However, the date on which a §1983 action

accrues is governed by federal law, see Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997),

which provides that an action accrues "when the plaintiff knows or has reason to know of the

injury which is the basis of his action."  Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir.

2002); see Singleton v. City of New York, 632 F.2d 185, 192 (2d Cir. 1980) ("The crucial time

for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for

which damages may be recovered in a civil action").  Accordingly, a constitutional claim for

---

[4] Although Defendants have liberally construed the Second Amended Complaint to purportedly
set forth federal causes of action for only false arrest and malicious prosecution, Defendants
respectfully submit that any and all other federal claims possibly conceived by plaintiff related to
his arrest and prosecution would be similarly barred by the three-year statute of limitations
applicable for claims brought pursuant to 42 U.S.C. § 1983.

false arrest accrues at the time of the arrest.  See Bezerra v. County of Nassau, 846 F. Supp. 214, 218-219 (E.D.N.Y. 1994).  Like a false arrest claim, a malicious prosecution claim is similarly subject to the applicable three-year statute of limitations.  See Grullon v. Reid, 1999 U.S. Dist. Lexis 9497 (S.D.N.Y. 1999).  The statute of limitations begins to run on a malicious prosecution claim when the underlying criminal action is conclusively terminated.  See Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir.  1995).

Moreover, "[i]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party [in an amended pleading] in effect constitutes a change in the party sued."  Williams v. United States, 07 Civ. 3018 (RJS) (THK), 2010 U.S. Dist. LEXIS 25102, *28 (S.D.N.Y. Feb. 25, 2010) (internal citation omitted).

**A.      Plaintiff's false arrest claim is time-barred**

Here, and taking as true plaintiff's allegation that he mailed his Original Complaint in September 2014, plaintiff alleges that he was falsely arrested on June 15, 2011. See Exhibit _ to Bahrenburg Decl.  As discussed supra, because a false arrest claim accrues on the date of the arrest, the statute of limitations for plaintiff's false arrest claim expired on June 15, 2014 – nearly three months before plaintiff filed the Original Complaint in September 2014. Accordingly, plaintiff's false arrest claim is untimely and should be dismissed with prejudice.

**B.      Plaintiff's malicious prosecution claim is time-barred**

Regarding plaintiff's malicious prosecution claim, the claim accrued on November 23, 2011, when the criminal charges were dismissed.  The statute of limitations thus expired three years later, on November 23, 2014, approximately two months after plaintiff alleges to have filed filed the Original Complaint.  See Exhibit _ and Exhibit _ to Bahrenburg Decl.

However, Sergeant Romain was not named as a defendant in this matter until on or about December 29, 2015 – more than one year later.  As discussed supra, the naming of a John Doe defendant cannot be used to circumvent the statute of limitations.  Plaintiff was required to name Sergeant Romain as a defendant before the statute of limitations expired on November 23, 2014, but failed to do so until approximately one year past the expiration of the statute of limitations.  Accordingly, plaintiff's malicious prosecution claim against Sergeant Romain is untimely and must be dismissed.

### POINT II

### PLAINTIFF'S PURPORTED MALICIOUS PROSECUTION CLAIM AGAINST SERGEANT ROMAIN DOES NOT RELATE BACK TO THE ORIGINAL COMPLAINT[5]

As discussed supra, plaintiff amended his complaint to add Sergeant Romain as a defendant more than one year past the expiration of the statute of limitations.  The Federal Rules of Civil Procedure permit a plaintiff to file an amended complaint past the expiration of the statute of limitations to add additional defendants, but Rule 15(c) requires that the amendment adding the new party 'relate back' to the date plaintiff filed the original complaint.  See Lewis v. City of New York, 12 CV 2836 (RRM) (RML), 2013 U.S. Dist. LEXIS 180202, (E.D.N.Y. Dec. 24, 2013).  See Fed. R. Civ. P. 15(c); see also Soto v. Brooklyn Corr. Facility, 80 F.3d 34, 35 (2d Cir. 1996).  The Federal Rules of Civil Procedure provide for possible relation back to add

---

[5] Defendants recognize that taking as true plaintiff's allegation that he filed the Original Complaint in September 2014, the Original Complaint would have been filed within the statute of limitations for a malicious prosecution claim as against the John Doe defendant.  However, Defendants respectfully contend that plaintiff's false arrest claim – and any other claim – is untimely for the reasons set forth supra.  Accordingly, Defendants only address whether the malicious prosecution claim, as amended against Sergeant Romain, relates back to the filing of the Original Complaint.  However, Defendants respectfully submit that no other claims purportedly alleged in the Second Amended Complaint would relate-back for the same reasons set forth herein.

additional parties past the statute of limitations under both Rule 15 (c)(1)(A) and Rule 15 (c)(1)(C).  However, neither provision saves plaintiff's untimely amendment naming Sergeant Romain as a defendant.

**A.      Plaintiff's Amendment Adding Sergeant Romain As A Defendant Does Not Relate Back Under Fed. R. Civ. Pro. 15(c)(1)(C)**

Rule 15(c)(1)(C) of the Federal Rule of Civil Procedure provides for relation back when:

> "the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." F.R.C.P. 15(c)(1)(C).

Courts have held that under Rule 15(c)(1)(C), "[a] claim against a new defendant in an amended complaint relates back to the original complaint if: (1) the claims against the new part[y] arise out of the same conduct, transaction, or occurrence as alleged in the original complaint; (2) the new part[y] received notice of the suit within 120 days of institution so that it will not be prejudiced in its defense; and (3) the new party knew or should have known that, but for a mistake concerning the identity of the party, the action would have been brought against the party." Pikos v. Liberty Maint., Inc., 09 CV 4031 (WFK) (RER), 2015 U.S. Dist. LEXIS 151123 (E.D.N.Y. Nov. 6, 2015) (citing Addison v. Reitman Blacktop, Inc., 283 F.R.D. 74, 82 (E.D.N.Y. 2011) (citing Fed. R. Civ. P. 15(c) and VKK Corp. v. Nat'l Football League, 244 F.3d 114, 128 (2d Cir. 2001))).

Defendants concede that the allegations against Sergeant Romain in the Second Amended Complaint arise out of the same occurrence as alleged in the Original Complaint. However, Defendants contend that plaintiff fails to meet the second and third elements of relation back under Rule 15(c)(1)(C).

### 1. Sergeant Romain Was Not On Notice Of This Action Within The Statute Of Limitations Period

"The linchpin of Rule 15(c) is notice, and notice within the limitations period." Rodriguez v. City of New York, 10 Civ. 1849 (PKC), 2011 U.S. Dist. LEXIS 102725, at *18 (S.D.N.Y. Sept. 7, 2011) (quoting Schiavone v. Fortune, 477 U.S. 21, 31 (1986)).  Although actual notice is preferable, a court may impute constructive notice of a lawsuit "to a new defendant government official through his attorney, when the attorney also represented the officials originally sued, so long as there is 'some showing that the attorney(s) knew that the additional defendants would be added to the existing suit.'" Id., at *19 (quoting Gleason v. McBride, 869 F.2d 688, 693 (2d Cir. 1989)).  When courts in the Second Circuit have applied the constructive notice doctrine, the attorneys had "clear knowledge of the identity of the unidentified defendant, within the limitations period, such that it would be logical to assume that a reasonable attorney would either (1) inform his client of the prospective lawsuit or (2) takes steps to begin preparing a defense." Velez v. Fogarty, 06 Civ. 13186 (LAK) (HBP), 2008 U.S. Dist. LEXIS 96999, at *19 (S.D.N.Y. Nov. 20, 2008).

Here, as discussed supra, plaintiff did not name the City of New York as a defendant in the Original Complaint, but instead only named the NYPD and a John Doe as defendants, which put neither the City of New York nor the Office of the Corporation Counsel on notice of this action.  Moreover, the Office of the Corporation Counsel only became aware of this action on or about September 2, 2015 – nearly 284 days past the expiration of the statute of

limitations – which was when the Court *sua sponte* dismissed the NYPD as a defendant, ordered the Clerk of Court to amend the caption to name the City of New York as a defendant, and directed the Office of the Corporation Counsel to ascertain the identity of the individual plaintiff intended to sue. Accordingly, Sergeant Romain was not on actual or constructive notice of this lawsuit between September 2014 and November 23, 2014, which was the time between plaintiff's purported filing of the Original Complaint and the expiration of the statute of limitations. Thus, because neither Sergeant Romain nor the Office of the Corporation Counsel was on notice of this action until after the statute of limitations expired, plaintiff fails to satisfy the notice requirement of Rule 15(c)(1)(i).

**2.      Plaintiff's Failure To Name Sergeant Romain Was Not Due To A "Mistake" As Contemplated By Rule 15(c)**

"Rule 15(c)[(1)(C)] explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), . . . [T]he failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir. 1995). Although the Supreme Court has since addressed relation-back in Krupski v. Costa Crociere S. p. A., 560 U.S. 538 (2010), the Second Circuit's decision in Barrow remains unaffected. See Morales v. Cnty. of Suffolk, 952 F. Supp. 2d 433 (E.D.N.Y. July 6, 2013) ("Barrow remains good law even after Krupski"); see also Dominguez v. City of New York, 10 CV 2620 (BMC), 2010 U.S. Dist. LEXIS 88818, at *6 (E.D.N.Y. Aug. 27, 2010) (stating that Barrow's holding that a lack of knowledge is not a mistake "is still intact [after Krupski]"). Accordingly, "where the plaintiff knows who the proper party is, just not by name, there is no mistake about identity that will permit relation back under Rule 15(c)." Moran v. County of Suffolk, 11 Civ. 3704 (PKC) (GRB), 2015 U.S. Dist. LEXIS 37010, *13 (E.D.N.Y. Mar. 24,

2015).   "Thus, a plaintiff who 'believes that there exists individual defendants who are potentially liable for his injuries, but who does not know their exact identities' and who waits until after the expiration of the limitations period to remedy this lack of knowledge (by naming a specific individual as a defendant), will find his claim to be time-barred."   Abreu v. City of New York, 657 F. Supp. 2d 357, 359 (E.D.N.Y. 2009) (citing Malesko v. Corr. Servs. Corp., 229 F.3d 374, (2d Cir. 2000) rev'd on other grounds by 534 U.S. 61 (2001)).

Here, plaintiff's naming of John Doe in the Original Complaint was not a mistake as contemplated by Rule 15(c), but instead, was due to plaintiff's lack of knowledge as to the identity of the individual he intended to sue.   See Sewell v. Bernardin, 795 F.3d 337, 342 (2d Cir. 2015) ("Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.") (internal citations omitted).   This is evident in light of the fact that the Office of the Corporation Counsel was ordered to provide plaintiff with the identity of the individual he intended to sue and the address where that individual may be served. See Bahrenburg Decl., at ¶ 5.   As such, plaintiff was not aware of the identity of the individual he wanted to sue so named a John Doe as a defendant instead.   Accordingly, because plaintiff did not make a "mistake" as contemplated by Rule (15(c)(1)(C)(ii), Defendants respectfully contend that the malicious prosecution claim is time-barred and does not relate back to the filing of the Original Complaint.

Thus, Defendants respectfully request that plaintiff's Second Amended Complaint be dismissed in its entirety, and with prejudice.

**B.        Plaintiff's Amendment Adding Sergeant Romain As A Defendant Also Does Not Relate Back Under Rule 15(c)(1)(A)**

"Rule 15(c)(1)(A) of the Federal Rules of Civil Procedure allows an amendment to a pleading to relate back to the date of the original pleading when the law that provides the

applicable statute of limitations allows relation back." Strada v. City of New York, 11 CV 5735 (MKB), 2014 U.S. Dist. LEXIS 94687, *14-15 (E.D.N.Y. July 11, 2014); see Fed. R. Civ. P. 15(c)(1)(A).  Courts must examine the 'controlling body of limitations law,' and apply state law if it provides 'a more forgiving principle of relation back than the one provided' by Rule 15(c)." Id. (citing Hogan v. Fischer, 738 F.3d 509, 518 (2d Cir. 2013) (quoting Fed. R. Civ. P. 15, Advisory Comm. Notes 1991)).  In New York, relation back is permitted pursuant to § 203 and § 1024 of the C.P.L.R.  However, neither provision saves plaintiff's time-barred claims.

**1.        C.P.L.R. § 1024**

Under New York law, a § 1983 complaint may be said to relate back under C.P.L.R. § 1024 if it meets two requirements: (1) the plaintiff must exercise due diligence, prior to the expiration of the statute of limitations, to identify the defendant by name; and, (2) the party must describe the John Doe party in such form as will fairly apprise the parties that they are the intended defendants.  Hogan, 738 F.3d at 518-519 (citations omitted).

Here, plaintiff fails to set forth any indication that he exercised due diligence prior to the expiration of the statute of limitations to identify Segeant Romain.  Instead, even though plaintiff's purported malicious prosecution claim accrued on November 23, 2011, "[p]laintiff appears to have expended no efforts at all to identify the [John Doe defendant] in the three years that followed, waiting until the statute of limitations had nearly run to file his complaint." JCG v. Ercole, 11 CV 6844 (CM) (JLC) 2014 U.S. Dist. LEXIS 57417,*54 (S.D.N.Y. Apr. 24, 2014) (quoting Williams v. United States, 07 Civ. 3018 (RJS) (THK), 2010 U.S. Dist. LEXIS 25102, *13 (S.D.N.Y. Feb. 25, 2010) (internal quotation marks omitted), Report & Recommendation, adopted by 2010 U.S. Dist. LEXIS 25170, (S.D.N.Y. Mar. 16, 2010)).  See Harris v. City of New York, 13 CV 7788 (LGS), 2016 U.S. Dist. LEXIS 12872, *13 (S.D.N.Y. Feb. 3, 2016) ("Where, as here, nothing in the record indicates that Plaintiff exercised due diligence before the statute of

limitations expired, he may not use the 'John Doe' procedure in § 1024."); <u>see also</u> <u>Temple v. New York Cmty. Hosp.</u>, 89 A.D.3d 926, 933 (2d Dep't 2011) ("To make use of the 'John Doe' procedure delineated in CPLR 1024, parties must demonstrate that they have exercised due diligence prior to the running of the statute of limitations . . . .") (internal quotation marks omitted). <u>Cf.</u> <u>Fertig v. HRA Med. Assistance Program</u>, 10 Civ. 8191 (RPP), 2011 U.S. Dist. LEXIS 48789, at *4 (S.D.N.Y. May 6, 2011) ("a pro se litigant [is] bound by the same rules of law . . . as those [litigants] represented by counsel.") (quotation marks and citation omitted).

Accordingly, because plaintiff has not exercised due diligence prior to the expiration of the stations of limitations, Defendants respectfully contend that C.P.L.R. § 1024 does not apply.

## 2.      C.P.L.R. § 203

Under New York law, a party seeking relation back to a previously unknown defendant may utilize § 203 of the C.P.L.R., which is New York's general relation back statute. <u>See</u> <u>Strada</u>, 2014 U.S. Dist. LEXIS 94687, at *20.   Under § 203 of the C.P.L.R., New York courts allow claims against a new defendant to "relate back to timely filed pleadings when (1) the new claim arose out of the same conduct, transaction or occurrence as the original allegations; (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) the new party knew or should have known that, but for a mistake as to the identity of the proper parties, the action would have been brought against him as well." <u>JCG</u>, 2014 U.S. Dist. LEXIS 57417, at *15 (quoting <u>Fisher v. County of Nassau</u>, 10 CV 0677, 2011 U.S. Dist. LEXIS 118269, at *5 (E.D.N.Y. Oct. 13, 2011)).

However, "New York courts have held . . . that a plaintiff may not add a new defendant under … section [C.P.L.R. 203] unless 'the new party knew or should have known that, but for an *excusable mistake* by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.'"  Vasconcellos, 2014 U.S. Dist. LEXIS 143429, at *16-17 (collecting cases); see also Strada, 2014 U.S. Dist. LEXIS 94687, at **29-32.  "This requirement closely tracks the federal relation-back requirement of Rule 15(c)(1)(C)." Vasconcellos, 2014 U.S. Dist. LEXIS 143429, at *17;  See also Bender v. City of New York, 14 Civ. 4386 (LTS) (GWG), 2015 U.S. Dist. LEXIS 16002, at **13-14 (S.D.N.Y. Feb. 10, 2015) ("The third prong of § 203(c) employs the same standard as the federal rule.") (quotations omitted) (citing Sloane v. Town of Greenburgh, 01 Civ. 11551 (MBM), 2005 U.S. Dist. LEXIS 16107, at **9-10 (S.D.N.Y. July 27, 2005); Buran v. Coupal, 87 N.Y.2d 173, 179, 661 N.E.2d 978, 638 N.Y.S.2d 405 (1995) (noting that § 203 was largely modeled after Rule 15(c) of the Federal Rules of Civil Procedure)).  Accordingly, and for the reasons set forth more fully supra, plaintiff cannot satisfy Fed. R. Civ. Pro. 15(c)(1)(C)'s "mistake" element, he also cannot satisfy the "mistake" requirement of C.P.L.R. § 203.  Cf. Vasconcellos, 2014 U.S. Dist. LEXIS 143429, at *8 ("As [Plaintiff] does not satisfy Rule 15(c)(1)(C); she thus fails to satisfy the state's corollary to that rule, as well.").

Thus, Defendants respectfully contend that plaintiff's claims against Sergeant Romain do not relate back under C.P.L.R. § 203, and accordingly, the Second Amended Complaint must be dismissed with prejudice.

## POINT III

## INSANITY TOLLING IS IMPROPER IN THIS CASE

"Unless inconsistent with the federal policy underlying Section 1983, state tolling rules, like state limitations periods, are controlling." Keitt v. City of New York, 09 Civ. 5663 (PKC) (DF), 2010 U.S. Dist. LEXIS 91857, *22, (S.D.N.Y. Aug. 9, 2010). "Under New York law, the plaintiff, not the defendant, bears the burden of proof on the question of whether a limitations period should be tolled." Id. Section 208 of the CPLR provides for statutory tolling by reason of "infancy or insanity." CPLR § 208. "Insanity" has been defined narrowly to instances were individuals are "unable to protect their legal rights because of an over-all inability to function in society." McCarthy v. Volkswagen of Am., 55 N.Y.2d 543, 548, 435 N.E.2d 1072, 450 N.Y.S.2d 457 (1982). "A plaintiff seeking to obtain the benefit of this statute must not only show that he suffered from such an 'inability to function in society,' but also that his disability was continuous during the relevant period." See Keitt, 2010 U.S. Dist. LEXIS 91857, *22. "[S]tate courts have consistently found that a very high level of incapacity must be demonstrated before a plaintiff may successfully invoke Section 208" and "while a plaintiff's extreme loss of cognitive function has been found to satisfy the statute's requirements, see Yannon v. RCA Corp., 131 A.D.2d 843, 517 N.Y.S.2d 205, 207-08 (2d Dep't 1987) (requirements of Section 208 were satisfied where plaintiff suffered from dementia that rendered him unable to tie his shoes or add two numbers), even dementia may be insufficient to justify tolling under this provision." Id. at *24. See Strauss v. N.Y. City Transit Auth., 294 A.D.2d 173 (1st Dep't 2002) (finding basis for tolling insufficient where plaintiff alleged that he suffered from "dementia and psychotic disorder" "due to multiple medical conditions that . . . existed for many years and [were] permanent").

- 16 -

Here, although plaintiff does not affirmatively request tolling based on "insanity," Defendants have liberally construed plaintiff's allegations of "brain cancer" and being unable to "remember half of what [he] need[s] to remember" as setting forth a request for tolling under § 208 of the CPLR based on insanity.  However, plaintiff has presented no evidence supporting his allegation of "brain cancer" nor has he set forth any claims that as a result of brain cancer he is unable to function in society.  In fact, plaintiff's First and Second Amended Complaints contain more detailed descriptions of plaintiff's allegations than those that appeared in the Original Complaint.  This appears to weigh against plaintiff's claim that he cannot protect his legal rights as a result of worsening memory and exhibits that plaintiff is, in fact, able to protect his legal rights.  Accordingly, Defendants respectfully contend that plaintiff has not met his burden of proving the requirements of tolling under § 208 of the CPLR based on insanity.

### POINT IV

### EQUITABLE TOLLING IS IMPROPER IN THIS CASE

"Equitable tolling is permitted in 'rare and exceptional circumstances' when a party is prevented from timely asserting her claim, and the party, 'acted with reasonable diligence throughout the period he sought to toll.'"  Henry v. City of New York, 07 CV 3965 (CPS), 2008 U.S. Dist. LEXIS 26179, *9-10 (E.D.N.Y. Apr. 1, 2008) (citing Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004).  "A plaintiff seeking equitable tolling of a limitations period must demonstrate that defendants engaged in a fraud which precluded him from discovering the harms he suffered or the information he needed to file a complaint."  Daniel v. Safir, 175 F.Supp.2d 474, 480 (E.D.N.Y. 2001) (citing Paige v. Police Department of the City of Schenectady, 264 F.3d 197, 200 (2d Cir. 2001) and Pinaud v. County of Suffolk, 52 F.3d 1139, 1157 (2d Cir. 1995)).

Here, plaintiff sets forth no argument, let alone any suggestion, demonstrating that Defendants engaged in fraud, which precluded him from obtaining the information he needed to file the Original Complaint.  Accordingly, Equitable Tolling is improper in this case.

### POINT V

### EQUITABLE ESTOPPEL IS IMPROPER IN THIS CASE

"A defendant may be equitably estopped from asserting the statute of limitations as a defense "in cases where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused the plaintiff to delay in bringing his lawsuit."  Bailey v. City of N.Y., 79 F. Supp. 3d 424, 441 (E.D.N.Y. 2015) (citing Cerbone v. Int'l Ladies' Garment Workers' Union, 768 F.2d 45, 50 (2d Cir.1985)).  "To invoke equitable estoppel, a plaintiff must show that: (1) the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (2) the plaintiff reasonably relied on that misrepresentation to his detriment." Buttry v. General Signal Corp., 68 F.3d 1488, 1493 (2d Cir. 1995) (citing Heckler v. Cmty. Health Servs., 467 U.S. 51, 59 (1984)).

Here, as with Equitable Tolling, plaintiff fails to set forth a single argument as to why he is entitled to Equitable Estoppel.  Moreover, plaintiff fails to establish that Defendants made a "definite misrepresentation of fact" to him.  Contrary to making "misrepresentations of fact," the Office of the Corporation Counsel provided him with the name and service address of Sergeant Romain, in accordance with this Court's Order.  See Bahrenburg Decl., at ¶ 8.  Thus, because plaintiff fails to argue, let alone establish, any element of Equitable Estoppel, Defendants respectfully contend that its application in this case is unwarranted.

## POINT VI

### PLAINTIFF CANNOT ESTABLISH A CLAIM
### FOR MUNICIPAL LIABILITY

Plaintiff's claims against defendant City of New York also fails on the merits.  In order to hold a municipality liable as a "person" within the meaning of § 1983, a plaintiff must establish that the municipality itself was somehow at fault.  Oklahoma City v. Tuttle, 471 U.S. 808, 810 (1985); Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978).  A municipality may not be held liable under § 1983 on the basis of *respondeat superior*.  Monell, 436 U.S. at 694-95.  Instead, "[t]he plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused him injuries . . . .Second, the plaintiff must establish a causal connection – an affirmative link – between the policy and the deprivation of his constitutional rights."  Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) (internal quotation marks and citation omitted).

The Second Circuit has held that "the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference."  Dwares, 985 F.2d at 100.  Thus, a plaintiff's claim should be dismissed where he merely states conclusory allegations of municipal policy and practice and fails to allege facts from which the court may infer an actual causal link between the custom or policy and alleged constitutional violation.  See e.g., Cuevas v. City of New York, 07 Civ. 4169 (LAP), 2009 U.S. Dist. LEXIS 114984, at *12 (S.D.N.Y. Dec. 7, 2009) ("Baldly asserting that Plaintiff's injuries are the result of the City's policies does not show this Court what the policy is or how that policy subjected Plaintiff to suffer the denial of a constitutional right").

Defendants respectfully submit that plaintiff has failed to timely set forth a constitutional violation, and as such, any claim he may allege for municipal liability fails as a matter of law.  See Points I - V, supra; see also City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (if plaintiff cannot show that his constitutional rights were violated by a City actor, then there cannot be Monell liability). Nonetheless, in the event the Court should find otherwise, any claim for municipal liability still fails as a matter of law since plaintiff has not set forth any allegations to connect any actions to a municipal custom or policy, and a "custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [government]."  Hayes v. Perotta, 751 F. Supp. 2d 597, 601 (S.D.N.Y. 2010); see also Oklahoma City v. Tuttle, 471 U.S. at 823-24 ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell…"). Accordingly, plaintiff's claim against the City of New York fails as a matter of law and should be dismissed with prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, defendants City of New York and Sergeant Romain respectfully request that the Court grant their motion to dismiss the Second Amended Complaint in its entirety, and with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            March 11, 2016

                                 ZACHARY W. CARTER
                                 Corporation Counsel of the
                                 City of New York
                                 *Attorney for Defendants*
                                 100 Church Street, Room 3-154
                                 New York, New York 10007
                                 212.356.2338

By:                 /s/
                                 Richard Bahrenburg
                                 Assistant Corporation Counsel
                                 Special Federal Litigation Division

To:     James Forbes
         15A3962
         Sing Sing Correctional Facility
         354 Hunter Street
         Ossising, New York 10562
         *Plaintiff pro se*
         (*via first class mail*)