```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                          :
JAMES FORBES,                          :

                              Plaintiff,      :         1:15-cv-3458-GHW

              -against-                  :        MEMORANDUM OPINION
                                        :               AND ORDER

THE CITY OF NEW YORK, POLICE    :
OFFICER JOHN DOE, *Badge #937424*, and 1ST :
PRECINT                                        :
                                         :
                          Defendants.  X
-------------------------------------------------------------

GREGORY H. WOODS, District Judge:

## I.    INTRODUCTION

Plaintiff James Forbes, proceeding *pro se* and *in forma pauperis*, brings this lawsuit against the City of New York and Sergeant Patrick Romain, alleging violations of his constitutional rights in connection with Plaintiff's arrest on June 15, 2011 for criminal possession of stolen property, criminal trespassing, and attempted petit larceny. All three charges were dismissed by the Criminal Court of the City of New York, County of New York, on November 23, 2011. Defendants now move to dismiss all of Plaintiff's claims as time-barred, arguing that Plaintiff simply waited too long to bring this lawsuit. For the reasons stated below, Defendants' motion is GRANTED, and Plaintiff is given leave to file a third amended complaint with respect to his claim for malicious prosecution against Sergeant Romain.

## II.    BACKGROUND

Plaintiff's initial complaint in this matter alleges that it was delivered to prison authorities on September 9, 2015. Dkt. No. 2 at 7.[1] The complaint named as defendants the New York City

---

[1] Under the "prison mailbox rule," a civil complaint filed by an incarcerated individual is "filed" when "delivered to prison officials for transmittal to the court." *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993).

Police Department ("NYPD") and a "John Doe" police officer, "Shield # 937424." *Id.* at 1. The complaint appears to have been signed by Plaintiff on September 9, 2014, and was filed along with a letter from Plaintiff to the Court's Pro Se Office, dated February 6, 2015. The letter annexed to the complaint states that Plaintiff had initially filed his complaint in September 2014, but he never received a "case number," and "was told to resubmit the documents again." Letter, dated Feb. 6, 2015, annexed to Complaint. The letter also states that Plaintiff suffers from brain cancer, which "doesn't allow [him] to remember half of what [he] need[s] to remember." *Id.*

On September 2, 2015, the Court issued an order dismissing Plaintiff's claims against the NYPD on the grounds that the NYPD is an agency of the City of New York that cannot be sued. Dkt. No. 8 at 1-2. The Court's order also directed the Clerk of Court to amend the caption of this action to replace the NYPD with the City of New York. *Id.* at 2. Finally, as relevant here, the Court's September 2, 2015 order directed the City of New York to identify the "John Doe" officer Plaintiff was seeking to sue, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997). *Id.* at 2-3.

Plaintiff thereafter filed an amended complaint. Dkt. No. 9. Plaintiff's amended complaint named as defendants the City of New York and "Police Officer John Doe Shield # 937424." *Id.* at 1-2. By letter dated November 2, 2015, Corporation Counsel for the City of New York informed Plaintiff and the Court that the individual identified by Plaintiff as a John Doe officer is Sergeant Patrick Romain, Shield # 5132. Dkt. No. 12. Plaintiff then filed a second amended complaint, which is nearly identical to the first amended complaint, except that it names "Sergeant Patrick Romain Shield 5132" as a defendant in place of the John Doe officer named in the first amended complaint. Dkt. No. 19 at 2.

Plaintiff's original complaint alleged that on June 15, 2011, he double-parked his car outside of a restaurant on the corner of Delancey Street and Allen Street in New York City in order to use the restroom and that on the way out of the restaurant, he was arrested for "criminal possession of

stolen property," "criminal trespassing," and "attempted petit larceny." Dkt. No. 2 at 3.[2] The amended complaint and second amended complaint repeat these allegations, in sum and substance, but provide some additional detail surrounding the incident underlying this action. In particular, the second amended complaint alleges that, upon exiting the restaurant, Plaintiff was "unlawfully arrested, excessively restrained by being placed in tightly applied handcuffs, unlawfully seized and then searched, unlawfully detained and incarcerated . . . [and] thereafter . . . maliciously prosecuted." Dkt. No. 19 at 4. Liberally construing Plaintiff's filings to raise the strongest arguments they suggest, Plaintiff arguably asserts claims for false arrest, excessive force, unlawful search, and malicious prosecution. Defendants now move to dismiss Plaintiff's claims as time-barred, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 28.

### III. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). Legal conclusions, unlike facts, are not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 679. A complaint that offers "labels and conclusions" or "naked assertion[s]" without "further factual

---

[2] At the motion to dismiss stage, the allegations in the complaint are accepted as true and all reasonable inferences are drawn in Plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

3

enhancement" will not survive a motion to dismiss.  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Furthermore, "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Courts are to "liberally construe pleadings and briefs submitted by *pro se* litigants . . . reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007).

## IV.     DISCUSSION

The Court notes at the outset that, during a January 15, 2016 telephone conference, the Court "directed that defendants' anticipated motion to dismiss on statute of limitations grounds should address plaintiff's allegation that he submitted a complaint in September 2014."  Order, dated February 25, 2016 (Dkt. No. 25).  In their motion papers, Defendants do not mount a challenge to the notion that Plaintiff's complaint should be deemed filed as of September 2014; rather, they argue that, even if the complaint were filed as of that time, all of Plaintiff's claims are still untimely.  As noted, Plaintiff averred in his original complaint that he delivered the complaint to prison authorities on September 9, 2015.  "It is well-settled . . . that the date of filing a federal complaint by a *pro se* prisoner is, for statute of limitations purposes, the date of delivery to prison authorities." *Walker v. Jastremski,* 430 F.3d 560, 562 n. 1 (2d Cir. 2005) (citing *Dory*, 999 F.2d at 682).  For non-incarcerated individuals, the date a complaint is "filed" is governed by the Federal Rules of Civil Procedure.  Rule 3 provides that a "civil action is commenced by filing a complaint with the court."  Rule 5(d) provides that a "paper is filed by delivering it . . . to the clerk[] or to a judge who agrees to accept it for filing, who must then note the fling date on the paper and promptly send it to the clerk."  Plaintiff states in his opposition that he "placed" the "original complaint . . . in the mailbox on Rikers Island."  Pl. Opp., Dkt. No. 43, at 13.  The Court will therefore proceed with the understanding, but without concluding, that Plaintiff's original complaint was filed in September

2014.  This issue can be revisited, if necessary, as this case proceeds.  In any event, because Plaintiff's claims are either untimely or fail to state a claim, the Court finds it appropriate to analyze the timeliness of Plaintiff's claims within the rubric of Defendant's arguments, which assume for purposes of this motion that the complaint was filed as of September 2014.

Given that Plaintiff's claims all allege deprivation of rights guaranteed by the Constitution remediable in an action under 42 U.S.C. § 1983, the Court begins with the observation that "Section 1983 does not provide a specific statute of limitations.  Thus, courts apply the statute of limitations for personal injury actions under state law."  *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *accord Dory*, 999 F.2d at 681 ("The statute of limitations for actions under § 1983 is the statute of limitations applicable to personal injuries occurring in the state in which the appropriate federal court sits.").  In New York, the limitations period for personal injury actions is three years.  *See* N.Y. C.P.L.R. § 214(5).  As a result, the statute of limitations for § 1983 cases filed in New York is three years.  *See, e.g., Dory*, 999 F.2d at 681 (same); *Quezada v. Roy*, No. 14-cv-4056 (CM), 2015 WL 5970355, at *14 (S.D.N.Y. Oct. 13, 2015) (same).  "However, federal law governs the determination of the accrual date (that is, the date the statute of limitations begins to run) for purposes of statute of limitations in a section 1983 action."  *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997).  "[T]he statute of limitations accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action.'"  *Id.* (quoting *Singleton v. City of New York*, 632 F.2d 195, 191 (2d Cir. 1980)); *accord Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) ("Federal law determines when a section 1983 cause of action accrues . . . and [the Second Circuit] ha[s] ruled that accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action.") (internal citations and quotation marks omitted).  With these general principles in mind, the Court assesses the timeliness of each of Plaintiff's claims.

### A. Excessive Force and Unlawful Search Claims

"In the context of an excessive force claim, the clock starts running 'when the use of force occurred.'" *Jennings v. Municipality of Suffolk Cnty.*, No. 11-cv-00911 (JFB) (ARL), 2013 WL 587892, at *4 (E.D.N.Y. Feb. 13, 2013) (quoting *Fairley v. Collins*, No. 09-cv-6894 (PGG), 2011 WL 1002422, at *3 (S.D.N.Y. Mar. 15, 2011)). An unlawful search claim "accrues at the time of the search." *McClanahan v. Kelly*, No. 12-cv-5326 (PGG), 2014 WL 1317612, at *4 (S.D.N.Y. Mar. 31, 2014). Accordingly, Plaintiffs' claims for excessive force and unlawful search accrued on June 15, 2011, the date of his arrest. As a result, the three-year statute of limitations for those claims expired on June 15, 2014. Thus, Plaintiff's excessive force and unlawful search claims would be untimely even if filed in September 2014 and must be dismissed.

### B. False Arrest Claim

The Supreme Court has held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest . . . where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). In *Wallace*, the Court concluded that the statute of limitations began to run when the plaintiff "appeared before the examining magistrate and was bound over for trial." *Id.* at 392; *see also Lynch v. Suffolk Cnty. Police Dept., Inc.*, 348 F. App'x 672, 675 (2d Cir. 2009) ("[F]or a claim of false arrest . . . the statute of limitations begins to run 'when the alleged false imprisonment ends,'" and an "alleged false imprisonment ends when 'the victim becomes held pursuant to [legal] process—when, for example, he is bound over by a magistrate or arraigned on charges.'") (quoting *Wallace*, 549 U.S. at 388-89); *Traore v. Police Officer Andrew Ali Shield*, No. 14-cv-8463 (ER), 2016 WL 316856, at *6 (S.D.N.Y. Jan. 26, 2016) (holding that, while arrest occurred on January 20, statute of limitations did not begin to run on false arrest claim until January 21, when the plaintiff was arraigned).[3]

---

[3] The Court notes that Defendants rely upon cases such as *Bezerra v. Cnty. of Nassau*, 846 F. Supp. 214 (E.D.N.Y.

6

Defendants argue that, even "taking as true plaintiff's allegation that he mailed his Original Complaint in September 2014," any claim for false arrest with respect to Plaintiff's arrest on June 15, 2011 would be untimely under the applicable statute of limitations. Def. Memo, Dkt. No. 7, at 7. Here, Plaintiff alleges that he was arrested on June 15, 2011, but he does not allege the date on which he was arraigned or bound over by a judge after his arrest. New York law provides that a defendant must "without unnecessary delay" be "brought before a local criminal court" if arrested with or without a warrant. N.Y. Crim. Proc. Law §§ 120.90(1) and 140.20(1). Although Plaintiff does not provide a date in September 2014 on which he allegedly attempted to file his original complaint, the Court will assume that he attempted to file it on September 1, 2014. In order for the claim to have been timely if filed on that date, his false arrest claim would have had to accrue no later than September 1, 2011, which would have required 78 days to have elapsed between Plaintiff's arrest and his arraignment. The Court assumes this was not the case. As a result, Plaintiff's claim for false arrest must be dismissed as untimely.

### C. Malicious Prosecution Claim

A cause of action for malicious prosecution accrues "only when the underlying criminal action is conclusively terminated." *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995); *accord Brown v. New York City Housing Auth.*, No. 13-cv-7599 (RJS), 2015 WL 4461558, at *3 (S.D.N.Y. July 20, 2015). Here, Defendants have submitted a Certificate of Disposition from the Criminal Court of the City of New York indicating that the criminal proceedings underlying Plaintiff's claims were dismissed on November 23, 2011. *See* Certificate of Disposition, annexed as Ex. D to Declaration of Richard Bahrenburg. Dkt. No. 29-1. Although the Court is generally limited to the pleadings when adjudicating a motion to dismiss under Rule 12(b)(6), a district court may also consider

---

1994) in support of the proposition that a claim for false arrest accrues "at the time of the arrest." Def. Memo at 6-7. The Supreme Court has since held in *Wallace*, however, that the date of arrest and the date that a claim for false arrest accrue need not be the same.

"matters of which judicial notice may be taken." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). The Second Circuit has held that the "prosecution of [an individual] is a matter of public record, of which [a court] take[s] judicial notice." *Shmeuli v. City of New York*, 424 F.3d 231, 233 (2d Cir. 2005). In line with this general principle, courts have taken judicial notice of criminal court certificates of disposition. *See, e.g., Jones v. Rivera*, No. 13-cv-1042 (NSR), 2015 WL 8362766, at *3 (S.D.N.Y. Dec. 7, 2015); *Marcus v. Bush*, No. 11-cv-4049 (JS) (WDW), 2013 WL 2154786, at *3 (E.D.N.Y. May 17, 2013). The Court therefore takes notice of the fact that Plaintiff's criminal proceedings conclusively terminated on November 23, 2011 and that as a result, his claim for malicious prosecution accrued on that date.

Defendants concede that the statute of limitations for Plaintiff's malicious prosecution claim expired on November 23, 2014, "approximately two months after plaintiff alleges to have filed the Original Complaint." Def. Memo at 7; *see also id.* at 8, n.5 ("Defendants recognize that taking as true plaintiff's allegation that he filed the Original Complaint in September 2014, the Original Complaint would have been filed within the statute of limitations for a malicious prosecution claim as against the John Doe defendant."). Defendants argue that this claim is nevertheless time-barred because "Sergeant Romain was not named as a defendant in this matter until on or about December 29, 2015 – more than one year later" and that "the naming of a John Doe defendant cannot be used to circumvent the statute of limitations." *Id.* at 8. This argument concerns the "relation back" doctrine, which concerns the circumstances under which an amendment to a complaint made after the expiration of a statute of limitations will nevertheless be considered timely.

The Court need not analyze whether Plaintiff's malicious prosecution claim against Sergeant Romain is timely by operation of the relation back doctrine at this time, however, given that Plaintiff fails to state a claim for malicious prosecution. In a case like this, where the plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action .

. . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Although the statute speaks in terms of a "case" rather than "claims," the court "has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time and must dismiss a complaint, or portion thereof, that . . . fails to state a claim upon which relief may be granted." *Ramrattan v. Fischer*, No. 13-cv-6890 (KPF), 2015 WL 3604242, at *3 (S.D.N.Y. June 9, 2015).

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and must establish the elements of a malicious prosecution claim under state law." *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010) (internal citations omitted). "To establish a malicious prosecution claim under New York law, a plaintiff must prove '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Id.* (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)). Here, although Plaintiff has asserted a claim for malicious prosecution, the only elements of the cause of action he has pleaded are the first and second; Plaintiff has pleaded no facts in support of the remaining elements. Accordingly, Plaintiff's malicious prosecution claim must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court grants Plaintiff leave to file an amended complaint for malicious prosecution no later than 30 days from the date of this order.

### D. Tolling

Defendants argue in their motion papers that Plaintiff is not entitled to the benefit of "insanity tolling," "equitable tolling," or "equitable estoppel" in order to avoid dismissal of his claims on timeliness grounds. Def. Memo at 16-18.[4] "[S]tate tolling rules, like state limitations

---

[4] Plaintiff states in his opposition papers that his February 6, 2015 letter "does not mention" the issue of Plaintiff's brain cancer "to raise it as a means of tolling in this case" and "Plaintiff does not seek the benefit of the tolling statute for his claim." Pl. Opp. at 22. Nevertheless, because Defendants as the moving parties on this motion to dismiss

9

periods, govern federal actions brought under § 1983 except when inconsistent with the federal policy underlying § 1983." *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980). It is Plaintiff's burden to demonstrate the applicability of a state-law tolling doctrine. *See, e.g., Vallen v. Carrol*, No. 02-cv-5666 (PKC), 2005 WL 2296620, at *3 (S.D.N.Y. Sept. 20, 2005) ("Once the defendant demonstrates that the claim facially falls within the limitations period, the plaintiff, not the defendant, bears the burden of proof on tolling.") (citing *Doe v. Holy See (State of Vatican City)*, 793 N.Y.S.2d 565, 567 (3d Dep't 2005)).

### i. Insanity Tolling

N.Y. C.P.L.R. § 208 provides, in relevant part:

> If a person entitled to commence an action is under a disability because of infancy or insanity at the time the cause of action accrues, and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases, or the person under the disability dies, the time within which the action must be commenced shall be extended to three years after the disability ceases or the person under the disability dies, whichever event first occurs.

N.Y. C.P.L.R. § 208; *accord McCarthy v. Volkswagen of Am., Inc.*, 450 N.Y.S.2d 457, 458 (1982) ("CPLR 208 provides, in pertinent part, that where a person is under a disability of 'insanity' at the time his cause of action accrues, the limitations period in a personal injury action will be extended to three years after the disability ceases."). In *McCarthy*, the New York Court of Appeals held that "the Legislature meant to extend the toll for insanity to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society." 450 N.Y.S.2d at 460. Thus, "New York construes insanity as used in N.Y. C.P.L.R. § 208 narrowly." *La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 99 (2d Cir. 2014). "Courts have consistently held that the application of § 208 is appropriate only where the mental disability is 'severe and incapacitating,' on the ground that the statute itself 'speaks in terms of insanity and not merely mental illness.'" *Sanders v. Kiley*, No.

---

have argued for the inapplicability of tolling in this case, the Court will proceed to address Defendants' arguments.

91-cv-6320, 1995 WL 77916, at *5 (S.D.N.Y. Feb. 23, 1995) (citation omitted). Here, Plaintiff has not alleged that he suffered from an "over-all inability to function in society" at the time his causes of action accrued. Aside from a reference to not being able to "remember half of what [he] need[s] to remember" in the letter annexed to the original complaint and several references to his brain cancer in his opposition papers, Plaintiff has made no plausible claim that he was incompetent to protect his legal rights at the time his claims accrued, and insanity tolling is therefore unavailable in this case. In fact, in his opposition papers, Plaintiff explicitly disclaims the notion that he ever referred to his illness to justify tolling. *See* Pl. Opp. at 22.

### ii. Equitable Tolling

Under the doctrine of equitable tolling, "when a defendant fraudulently conceals the wrong, the time [limit of the statute of limitations] does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action." *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1157 (2d Cir. 1995) (brackets in original); *accord Daniel v. Safir*, 175 F. Supp. 2d 474, 480 (E.D.N.Y. 2001) ("A plaintiff seeking equitable tolling of a limitations period must demonstrate that defendants engaged in a fraud which precluded him from discovering the harms he suffered or the information he needed to file a complaint."). Here, Plaintiff has not made any such allegation of fraudulent concealment by Defendants, and the doctrine of equitable tolling is therefore inapplicable in this case.

### iii. Equitable Estoppel

"A defendant may be equitably estopped from asserting the statute of limitations 'in cases where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused [the plaintiff] to delay in bringing his lawsuit.'" *Buttry v. Gen. Signal Corp.*, 68 F.3d 1488, 1493 (2d Cir. 1995) (quoting *Cerbone v. Int'l Ladies' Garment Workers' Union*, 768 F.2d 45, 50 (2d Cir. 1985)). "To invoke equitable estoppel, a plaintiff must show that: (1) the defendant made a definite

misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (2) the plaintiff reasonably relied on that misrepresentation to his detriment." *Id.* at 1493. "To invoke an estoppel as a shield against a statute of limitations defense, a plaintiff 'must show that he brought his action within a reasonable time after the facts giving rise to the estoppel have ceased to be operational.'" *Id.* at 1494 (quoting *Overall v. Estate of Klotz*, 52 F.3d 398, 404 (2d Cir. 1995)). Plaintiff has not alleged any misrepresentations made by Defendants, reliance upon which caused him to delay in bringing this action. Accordingly, equitable estoppel is unavailable in this case.

### E. Claims Against City of New York

Municipalities may be held liable under § 1983 claims "where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). "A single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless it is shown that the incident was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker." *Bascom v. New York City*, No. 11-cv-4217 (SLT) (LB), 2011 WL 4073785, at *2 (E.D.N.Y. Sept. 13, 2011); *see also Warheit v. City of New York*, No. 02-cv-7345 (PAC), 2006 WL 2381871, at *12 (S.D.N.Y. Aug. 15, 2006) ("[A] single incident of unconstitutional conduct by a non-policymaking employee . . . [will not] suffice to establish liability."). Because Plaintiff nowhere challenges a municipal policy or practice, and only alleges a single incident of unconstitutional conduct, his claims against the City of New York must be dismissed.

### F. Leave to Replead Untimely Claims[5]

"Although district judges should, as a general matter, liberally permit pro se litigants to

---

[5] As discussed above, the Court is not at this time drawing any conclusions regarding the timeliness of Plaintiff's malicious prosecution claim given that this claim, as pleaded, fails to state a claim upon which relief may be granted.

amend their pleadings, leave to amend need not be granted when amendment would be futile." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). Here, the Court declines to grant Plaintiff leave to replead his claims for false arrest, excessive force, or unlawful search against Sergeant Romain given that they are untimely, and any amendment would therefore be futile. *See, e.g., Hayes v. Dep't of Educ. of City of New York*, 20 F. Supp. 3d 438, 451 (S.D.N.Y. 2014) ("Even were the Court to grant Plaintiff leave to amend her suit to introduce a retaliation claim, that amendment would be futile: it could not survive a motion to dismiss because it would be time-barred."); *Kotler v. Charming Shoppes, Inc.*, No. 11-cv-3296 (SAS), 2012 WL 291512, at *3 (S.D.N.Y. Jan. 31, 2012) ("Here, leave to replead would be futile because [plaintiff's] claims are time barred and an amended complaint would be unable to cure that deficiency."); *Keitt v. New York City*, 882 F. Supp. 2d 412, 426 (S.D.N.Y. Sept. 29, 2011) ("All of [plaintiff's] claims against the City Defendants are time-barred and thus an amendment with respect to these claims would be futile.").

With respect to Plaintiff's claims against the City of New York, leave to replead these claims is also denied. Plaintiff has already amended his complaint twice. None of Plaintiff's three complaints remotely suggest that Plaintiff believes his constitutional rights were violated pursuant to a policy or custom maintained by the City of New York. Indeed, Plaintiff did not even name the City of New York as a defendant in his initial complaint; it was only after the Court *sua sponte* dismissed the NYPD as a defendant and ordered the substitution of the City of New York in the NYPD's place that the City became a defendant. Since that substitution, Plaintiff has not taken the opportunity to amplify his pleadings against the City of New York, despite having amended the complaint twice since that time. "Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 62 (2d Cir. 2016) (quoting *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 132 (2d Cir. 1993)). Because Plaintiff has given the Court the clear impression that he does not

intend to challenge any policy or custom of the City of New York, leave to amend with respect to his claims against the City of New York is denied. *Cf. Bascom v. New York City*, 2011 WL 4073785, at *2 (E.D.N.Y. Sept. 13, 2011) ("Plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts were attributable to a municipal policy or custom attributable to a municipal policymaker. Accordingly, there does not appear to be any basis for suing New York City, and the claim against New York City is hereby dismissed without leave to amend.").

## IV. CONCLUSION

For the reasons stated above, Plaintiff's claims for false arrest, excessive force, and unlawful search are untimely under the applicable statute of limitations. Accordingly, Defendants' motion to dismiss these claims is GRANTED, and Plaintiff's claims for false arrest, excessive force, and unlawful search are DISMISSED WITH PREJUDICE. Plaintiff is granted leave solely to file a third amended complaint with respect to his claim for malicious prosecution against Sergeant Patrick Romain, no later than 30 days from the date of this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 28. The Clerk of Court is further directed to send a copy of this order to Plaintiff James Forbes by certified mail, along with copies of the unpublished opinions cited herein.

SO ORDERED.

Dated: October 26, 2016  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge